IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Park Ridge Sports, Inc., an Illinois Not For Profit Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| Park Ridge Travel Falcons, an Illinois Not For Profit Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT, AND COMMON LAW TRADEMARK INFRINGEMENT**

Plaintiff, Park Ridge Sports, Inc. (hereinafter "Plaintiff"), brings this action against Park Ridge Travel Falcons (hereinafter "Defendant") and alleges as follows:

**NATURE OF THE ACTTION**

1. For over 52 years, Plaintiff has operated a popular and highly successful youth football and cheerleading program in Park Ridge, Illinois and has established trademark rights in and to the PARK RIDGE FALCONS mark by virtue of its longstanding and exclusive use of the mark in connection with its youth football program. On or about March 23, 2020, three former Board members and coaches for Plaintiff's youth football program formed Defendant Park Ridge Travel Falcons and commenced operation of a competing youth football program under the PARK RIDGE TRAVEL FALCONS service mark. Shortly thereafter, Defendant filed three federal trademark applications with the United

1

States Patent and Trademark Office ("USPTO") for PARK RIDGE FALCONS formative trademarks and astonishingly then asserted those applications against Plaintiff as a basis for its unfounded demand that Plaintiff cease use of the PARK RIDGE FALCONS service mark. Plaintiff has been forced to bring this action to protect one of its most valuable assets, the PARK RIDGE FALCONS service mark, from Defendant's willful infringement, and is concerned that Defendant's continued use of the PARK RIDGE FALCONS service mark and formatives thereof is likely to and has already deceived consumers and caused confusion as to the source, sponsorship, and/or affiliation between Plaintiff and Defendant. Plaintiff therefore brings this civil action seeking damages and injunctive relief for willful trademark infringement and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, et seq. and Illinois common law.

**PARTIES**

2. Plaintiff is a not-for-profit corporation duly organized and existing under the laws of the State of Illinois since November 8, 1967 with its principal place of business located in Park Ridge, Illinois.

3. Defendant is a not-for-profit corporation duly organized and existing under the laws of the State of Illinois as of March 23, 2020 with its principal place of business at 155 North Michigan Ave, Suite 9003, Chicago, IL 60601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, §§1338 (a) and (b), and §1367. Plaintiff's claims arise under the Lanham Act of the United States, 15 U.S.C. §1051, et seq., and therefore arise out of the laws of the United States; specifically relating to trademarks.

5. This Court has personal jurisdiction over Defendant because Defendant is duly organized under the laws of the State of Illinois, transacts business within the Northern District of Illinois, and thus has sufficient minimum contacts with this District. Defendant purposefully availed itself of the benefits of doing business within the United States and Illinois by conducting business within the State of Illinois, by intentionally trading on the goodwill of Plaintiff whose principal place of business is in this District, and by knowingly causing injury to Plaintiff in this District. Thus, Defendant can reasonably anticipate being haled into court in the Northern District of Illinois.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391 because Defendant's actions giving rise to the claims alleged herein have occurred and are occurring within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff and Its PARK RIDGE FALCONS Service Mark

7. Since its beginning in the Fall of 1967, Plaintiff's PARK RIDGE FALCONS travel youth football program has grown into one of the most well-respected youth tackle football programs in the State of Illinois.

8. In addition to its PARK RIDGE FALCONS travel football programs, Plaintiff also operates Park Ridge Flag Football, Park Ridge Spirit Cheerleading and Park Ridge Competitive Cheerleading.

9. In 2019, Plaintiff served over 1,000 families with nearly 200 volunteers committing over 20,000 annual volunteer hours and, since its inception in 1967, Plaintiff has provided youth sports opportunities to over 25,000 young athletes, many of whom have gone on to successful high school, college and, in some instances, professional sports careers.

10. Plaintiff has engaged the help of countless unpaid volunteers to administer the program and coach the student athletes throughout its 52 years in existence.

11. Since its start in 1967, Plaintiff has continually and exclusively used the PARK RIDGE FALCONS service mark in connection with its youth sports services in Illinois and in interstate commerce. See, e.g., Exhibit 1, a true and correct copy of excerpts from Plaintiff's web site.

12. Plaintiff has invested countless dollars and sweat equity in its PARK RIDGE FALCONS mark, which has come to represent the high quality of services that Plaintiff offers and has offered to its families and athletes over its 52-year span. The PARK RIDGE FALCONS service mark and the goodwill associated therewith constitutes one of Plaintiff's most valuable assets.

**Defendant's Infringing Acts**

13. Until the last week of March 2020, James Purcell, Timothy Walbert, Jeffrey Kilburg and Lou Karnezis all served as Board Members, Directors and/or coaches for Plaintiff and all previously or currently had children participating in Plaintiff's PARK RIDGE FALCONS football program.

14. On information and belief, on March 21, 2020, Defendant purchased the domain, www.prtravelfalcons.com and began soliciting its youth football program under the service mark PARK RIDGE TRAVEL FALCONS. See, Exhibit 2, a true and correct copy of excerpts from Defendant's web site.

15. On or about March 23, 2020, Messrs. Purcell, Walbert, Kilburg and Karnezis formed Defendant entity Park Ridge Travel Falcons and filed articles of incorporation with the Illinois Secretary of State.

16. On March 27, 2020, Defendant, through counsel, filed three intent-to-use-based federal trademark applications with the USPTO for various iterations of the PARK RIDGE FALCONS mark, namely:

    - PARK RIDGE FALCONS (word mark) – U.S. Serial No. 88/850,739
    - PR TRAVEL FALCONS (word mark) – U.S. Serial No. 88/850,719
    - PARK RIDGE TRAVEL FALCONS and Design – U.S. Serial No. 88/850,573

17. In each case, all three of the aforementioned trademark applications were signed by James W. Purcell, under penalty of perjury, in which Mr. Purcell declared that:

    - The signatory believes that the applicant is entitled to use the mark in commerce;
    - The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application;
    - To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in

the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

18. Since Defendant is not the lawful owner of the PARK RIDGE FALCONS service mark, the aforementioned federal trademark applications, signed under penalty of perjury by James W. Purcell, are *void ab initio*.

19. On or about March 27, 2020, Plaintiff became aware of Defendant's actions and, subsequently, Messrs. Purcell, Walbert, Kilburg and Karnezis resigned their positions with Plaintiff.

20. On March 20, 2020, Mr. Kilburg sent an email message to families of past registered youth athletes in Plaintiff's Division 1 2019 football program informing them that a new Division 1 team was being formed and that more details would follow shortly. See, Exhibit 3.

21. On March 27, 2020, Mr. Walbert sent an email message to families of past registered youth athletes in Plaintiff's Division 1 2019 football program soliciting their participation in Defendant's program. See, Exhibit 3.

22. Upon information and belief, Defendant purchased the keyword PARK RIDGE FALCONS with the Google Ad Words program in order to draw users of the Google search engine who were searching for Plaintiff's youth sports program to be directed to Defendant's competing web site.

23. Defendant is using the PARK RIDGE FALCONS mark or a colorable imitation thereof to capitalize upon the goodwill associated with Plaintiff's well-known trademarks in order to divert unknowing families and student athletes away from Plaintiff and its programs.

24. Defendant is in no way affiliated with Plaintiff and has not received permission or authorization to use the PARK RIDGE FALCONS mark or any formative thereof under any circumstances.

25. As a result of Defendant's organization and operation of a competing youth football program within the same community as Plaintiff to families and student athletes under the PARK RIDGE FALCONS mark or a colorable imitation thereof, consumers have been and are likely to be confused as to the source of the goods and services offered by Defendant and thus Plaintiff has suffered damage and irreparable harm to its reputation and goodwill.

## COUNT I

**Violation of Section 43(a) of the Lanham Act – False Designation of Origin and Description**

26. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 25 as if fully set forth herein.

27. Defendant's unauthorized use of the PARK RIDGE FALCONS mark or a colorable imitation thereof in connection with the organization and conducting youth football programs is likely to confuse, mislead, or deceive customers, the public, and the trade as to the origin, sponsorship, or affiliation of Defendant's products and services, and is intended and likely to cause such parties to falsely believe that Defendant's services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff, which they are not.

28. Defendant's unauthorized use of the PARK RIDGE FALCONS mark or a colorable imitation thereof in association with its active infringing website and marketing of its

youth football program constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

29. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

30. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

31. Plaintiff has no adequate remedy at law.

32. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT II

**Violation of Illinois Deceptive Trade Practices Act 815 ILCS §§ 510/1, et seq.**

33. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq. by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or its services with Plaintiff's goods and services; and using deceptive representations or designations of origin in connection with Defendant's services.

35. The unauthorized use by Defendant of the PARK RIDGE FALCONS mark or a colorable imitation thereof is causing and is likely to cause substantial injury to the public and to Plaintiff.

36. Plaintiff has no adequate remedy at law.

37. Plaintiff is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

## COUNT IV

### Violation of Illinois Deceptive Trade Practices Act 815 ILCS 510/2

38. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 37 as if fully set forth herein.

39. Illinois Deceptive Trade Practices Act 815 ILCS 510/2 defines deceptive trade practices as:

    a. Passing off goods or services as those of another;

    b. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    c. Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

    d. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

    e. Representing that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

9

    f. Disparaging the goods, services, or business of another by false or misleading representation of fact;

    g. Advertising goods or services with intent not to sell them as advertised.

40. Plaintiff enjoys well-established common law rights in and to the PARK RIDGE FALCONS mark in the state of Illinois, which is superior to any rights that Defendant may claim, and has built significant goodwill in same.

41. Plaintiff's PARK RIDGE FALCONS mark is inherently distinctive and/or have acquired distinctiveness.

42. Plaintiff's first adopted and used the PARK RIDGE FALCONS marks in its market(s) or trade area(s) as a means of establishing goodwill and reputation and to describe, identify, or denominate particular goods and services offered by Plaintiff and to distinguish them from similar goods and services offered by others. As a result, Plaintiff's PARK RIDGE FALCONS mark has acquired secondary meaning.

43. Defendant's acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship, or approval of Plaintiff's and Defendant's services in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

44. Defendant's acts as complained of herein create a likelihood of confusion or of misunderstanding as to affiliation, connection, or association of Plaintiff and Defendant in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

45. Defendant's acts as complained of herein erroneously convey that Defendant's services have sponsorship, approval, characteristics, benefits, and/or quantities that they do not have in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

46. Defendant's acts as complained of herein represent that Defendant's services are of a particular standard and quality, when they are demonstrably of another in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

47. By engaging in these deceptive trade practices, Defendant has directed the acts alleged herein to the market generally, thereby directly implicating the consumer protection concerns invoked by the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

48. Defendant's acts, as alleged herein, constitute a willful violation of and continue to violate the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

49. The acts complained of herein have caused irreparable harm, damage, and injury to Plaintiff, and Plaintiff has no adequate remedy at law.

50. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendant's acts alleged herein.

## COUNT V

### Unfair Competition under Illinois Common Law

51. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52. Plaintiff enjoys well-established common laws rights in and to the PARK RIDGE FALCONS mark in the State of Illinois, which are superior to any rights that Defendant may claim, and has built significant goodwill in the same.

53. The PARK RIDGE FALCONS mark is inherently distinctive and/or has acquired distinctiveness.

54. Plaintiff first adopted and used the PARK RIDGE FALCONS mark in its market(s) or trade area(s) as a means of establishing goodwill and reputation and to describe, identify,

or denominate particular goods and services offered by Plaintiff and to distinguish them from similar services offered by others. As a result, Plaintiff's PARK RIDGE FALCONS mark has acquired secondary meaning.

55. Defendant has engaged in and is currently engaging in the unauthorized use of the PARK RIDGE FALCONS mark or a colorable imitation thereof, in connection with the sale of its goods and services, and such unauthorized use is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection, or association of Defendant's services in that consumers thereof are likely to erroneously associate or have associated such goods and services as originating with Plaintiff, all to the detriment of Plaintiff.

56. Defendant's acts complained of herein constitute unfair competition under the laws of the State of Illinois.

57. Defendant has been unjustly enriched and have damaged Plaintiff's business, reputation, and goodwill.

58. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

59. Plaintiff has no adequate remedy at law.

60. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendant's actions alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A. Find that Defendant willfully violated Sections, 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

B. Find that Defendant committed willful acts of unfair competition, and deceptive acts and practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2;

C. Find Defendant liable for acts of trademark infringement and unfair competition in violation of Illinois State common law;

D. Enter an Order preliminarily and permanently enjoining Defendant as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendant, from use of the PARK RIDGE FALCONS mark or any other colorable imitation thereof in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

E. Pursuant to 15 U.S.C. §1118, order Defendant to remove the infringing website located at the URL www.prtravelfalcons.com and all content related to all products, services, advertisements, promotions, and all other matter in custody or under the control of Defendant that bear the PARK RIDGE FALCONS mark or a colorable imitation thereof or any other mark that is likely to be confused with the PARK RIDGE FALCONS mark;

F. Transfer ownership in the domain name prtravelfalcons.com to Plaintiff;

G. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendant resulting from the infringing acts complained of herein;

H. Order an award of three times the amount of Plaintiff's damages Defendant's profits, whichever is greater;

I. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

J. Order the Director of the United States Patent and Trademark Office to refuse registration of U.S. Trademark Application Serial Nos. 88/850,739, 88/850,719 and 88/850,573;

K. Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Order;

L. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. §1117; and

M. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Dated: April 9, 2020

Respectfully submitted,

/s/ Richard B. Biagi
Richard B. Biagi, Esq.
Illinois Bar No. 6274572
Jeffrey T. Norberg, Esq.
Illinois Bar No. 6315012
**NEAL & MCDEVITT, LLC**
1776 Ash Street
Northfield, Illinois 60093
Telephone: (847) 441-9100
Facsimile: (847) 441-0911