# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PARK RIDGE SPORTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 2244 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| PARK RIDGE TRAVEL FALCONS, | ) | |
| TIMOTHY WALBERT, JAMES PURCELL, | ) | |
| JEFFREY KILBURG, and LOU KARNEZIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Park Ridge Sports, Inc. ("Park Ridge Sports") filed objections to Magistrate Judge Cole's Report and Recommendation of January 5, 2022, in which Judge Cole recommended denial of plaintiff's second motion for a preliminary injunction. Under Federal Rule of Civil Procedure 72(b)(3), the Court must conduct a de novo determination of the portions of Judge Cole's Report and Recommendation to which plaintiff objects. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Court conducted a careful de novo review of the portions of Judge Cole's Report and Recommendation to which Park Ridge Sports objects (the vast majority of the ruling). In one of its objections, Park Ridge Sports argues that Judge Cole erred by not holding an evidentiary hearing. Plaintiff points out that this Court referred the motion to Judge Cole "for the purpose of conducting proceedings." (ECF No. 99.) But the term "proceedings" comprehensively refers to judicial business; it is not synonymous with "evidentiary hearing," so that language did not require any particular type of proceeding. Furthermore, a court need not conduct an evidentiary hearing "unless one is called for as a result of a fact issue created by the response to a motion for a preliminary injunction." *Dexia Crédit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010). This Court agrees with Judge Cole's evident conclusion that the parties' submissions did not call for such a hearing in this instance. And, although plaintiff at this stage expressly urges this Court to hold an evidentiary hearing on its motion, as a practical matter the issue is moot because this case is on the eve of trial. As for plaintiff's remaining objections, none of them convince the Court that there is any error in Judge Cole's findings or conclusions. The Court is not persuaded by plaintiff's contentions that the Report and Recommendation rested on or was "taint[ed]" by several "incorrect assumptions," (ECF No. 124, Pl.'s Objs. at 1-11), or that the irreparable-harm analysis was flawed. This Court agrees with Judge Cole's thorough analysis. Accordingly, the Court overrules

plaintiff's objections, adopts the Report and Recommendation [121], and denies plaintiff's second motion for a preliminary injunction [96].

**DATE:**  March 25, 2022

*[signature]*
**Hon. Ronald A. Guzmán**
**United States District Judge**